IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOSE M. BERNARDO and ARACELI B. BERNARDO,

        Plaintiffs,

  v.

U.S. BANK NATIONAL ASSOCIATION,

        Defendant.

_____/

No. C 10-04785 CW

ORDER GRANTING
DEFENDANT'S
MOTION TO DISMISS
AND DENYING AS
MOOT PLAINTIFFS'
MOTION FOR A
PRELIMINARY
INJUNCTION
(Docket Nos. 6
and 2)

United States District Court
For the Northern District of California

Pro se Plaintiffs Jose M. Bernardo and Araceli B. Bernardo bring this foreclosure-related lawsuit against Defendant U.S. Bank National Association, as successor in interest to the Federal Deposit Insurance Corporation as Receiver for Downey Savings and Loan Association, F.A.  Plaintiffs seek a preliminary injunction to enjoin U.S. Bank from foreclosing on property located at 5015 Shapleigh Court, in Dublin, California.  U.S. Bank moves to dismiss and strike Plaintiffs' complaint.  Plaintiffs oppose the motion. The motions were taken under submission on the papers.  Having considered the papers submitted by the parties, the Court GRANTS U.S. Bank's motion to dismiss and DENIES as moot Plaintiffs' motion for a preliminary injunction.

BACKGROUND

Plaintiffs' complaint is composed, for the most part, of general allegations about the mortgage industry.[1]  The only

_____

[1] Plaintiffs' complaint is largely identical to the pleadings filed in Torres v. Wells Fargo Bank, Case No. C 10-4761 CW; Padilla v. One West Bank, Case No. C 10-4080 CW; Blackwell v. Wells Fargo Home Mortgage, Case No. C 10-4917 JF; and Bennett v. Suntrust

specific allegation is that Plaintiffs "entered into a consumer contract for the refinance of a primary residence located at 5015 Shapleigh Ct Dublin CA 94568." Compl. 1. The complaint then alleges that "Defendants, acting in concert and collusion with others, induced Petitioner to enter into a predatory loan agreement with Defendant."[2] Id. at 2. The agreement, which Plaintiffs executed on or about April 23, 2007, was for a $1,103,000 loan. See Compl. 5; U.S. Bank's Request for Judicial Notice (RJN), Ex. A, 1.[3] Plaintiffs do not plead U.S. Bank's or Downey Savings's role in this loan or the violations they allege in their complaint. However, on or about September 8, 2010, U.S. Bank purchased the Shapleigh Court property at a foreclosure sale. RJN, Ex. A, 1.

Plaintiffs filed this lawsuit on October 22, 2010. In the "Causes of Action" section of their complaint, Plaintiffs assert the following claims: (1) breach of fiduciary duty; (2) negligence and negligence per se; (3) fraud; (4) breach of the covenant of good faith and fair dealing; (5) violation of the Truth in Lending Act (TILA), 15 U.S.C. §§ 1601 et seq.; and (6) intentional infliction of emotional distress. Plaintiffs seek damages in the amount of $3,718,617.82, punitive damages in the amount of $11,156,015.46, rescission of the loan contract, quiet title to the

_____

Mortgage, Inc., Case No. 10-3375 JF.

[2] Although Plaintiffs' allegations speak of "Defendants," they name only one Defendant, U.S. Bank National Association.

[3] Plaintiffs do not oppose U.S. Bank's request for judicial notice of documents recorded in the Alameda County Clerk-Recorder's Office that are related to their mortgage. Accordingly, the Court GRANTS U.S. Bank's request.

2

Shapleigh Court property and an injunction enjoining U.S. Bank from engaging in fraudulent, deceptive, predatory and negligent acts.[4]

LEGAL STANDARD

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff.  NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).  However, this principle is inapplicable to legal conclusions; "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not taken as true.  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009) (citing Twombly, 550 U.S. at 555).

When granting a motion to dismiss, the court is generally required to grant the plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile. Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 246-47 (9th Cir. 1990).  In determining whether amendment

_____

[4] Plaintiffs allude to other statutes in the "General Allegations" section of their complaint and offer a "Statement of Claim" section that refers to a criminal conspiracy.  However, only these six causes of action are listed after the heading, "Causes of Action."

would be futile, the court examines whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint." Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990).

DISCUSSION

Plaintiffs' opposition is a form response,[5] largely identical to that filed in Torres and Padilla, and fails to address arguments raised in U.S. Bank's motion to dismiss and strike.  Their opposition, like their complaint, does not explain U.S. Bank's role with respect to their loan.  However, in their opposition, Plaintiffs address a claim for violations of the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. §§ 2601, et seq. Although the "Causes of Action" section of their complaint does not contain such a claim, the Court considers and dismisses it below.

U.S. Bank offers arguments concerning what it believes to be claims for its lack of "standing," "criminal conspiracy and theft" and unjust enrichment, which appear in the "Statement of Claim" section of Plaintiffs' complaint.  Plaintiffs do not plead such claims in their "Causes of Action" section, nor do they argue in their opposition that they have such claims.  Even if Plaintiffs intended to bring such claims, relief cannot be granted based on them.

I.   Set Aside of Foreclosure Sale

U.S. Bank argues that Plaintiffs' entire complaint must be

_____

[5] Attached to Plaintiffs' "Response" is a set of instructions, which instruct them to "[l]ook for anything that has been highlighted in yellow and add the information then un-highlight it."  Pls.' Response 27.

4

**United States District Court**
For the Northern District of California

dismissed because they fail to allege tender of their indebtedness. This argument sweeps too broadly.

To the extent Plaintiffs challenge the September 2010 sale of the Shapleigh Court property, they do not offer a basis to set it aside.  Further, a plaintiff seeking to set aside a foreclosure sale must first allege tender of the amount of the secured indebtedness.  <u>Abdallah v. United Sav. Bank</u>, 43 Cal. App. 4th 1101, 1109 (1996) (citing <u>FPCI RE-HAB 01 v. E & G Investments, Ltd.</u>, 207 Cal. App. 3d 1018, 1021-22 (1989)); <u>Smith v. Wachovia</u>, 2009 WL 1948829, at *3 (N.D. Cal.).  Without pleading tender or the ability to offer tender, a plaintiff cannot state a cause of action to set aside a foreclosure sale.  <u>Karlsen v. Am. Sav. & Loan Ass'n</u>, 15 Cal. App. 3d 112, 117 (1971) (citing <u>Copsey v. Sacramento Bank</u>, 133 Cal. 659, 662 (1901)); <u>Smith</u>, 2009 WL 1948829, at *3 (citing <u>Karlsen</u>).

Plaintiffs have not alleged facts that warrant setting aside the foreclosure sale.  Even if they had, Plaintiffs do not allege tender or the current ability to offer tender.  Thus, to the extent that they seek to set aside the foreclosure sale, Plaintiffs offer no basis to do so.  This does not, however, warrant dismissal of their entire complaint.

II.  Real Estate Settlement Procedures Act

Although Plaintiffs do not include a claim for violation of RESPA, 12 U.S.C. §§ 2601 <u>et seq.</u>, in the section of the complaint entitled, "Causes of Action," the Court addresses it because Plaintiffs mention the statute several times in the "General Allegations" section of their complaint and suggest in their

5

opposition that they intended to bring such a claim.

Plaintiffs do not make clear under which section of RESPA they bring their claim.  However, they allege that certain disclosures were not made at the time they executed their loan agreement. Compl. 17-18.  These purported non-disclosures appear to implicate 12 U.S.C. § 2605(a), which requires each "person who makes a federally related mortgage loan" to "disclose to each person who applies for the loan, at the time of application for the loan, whether the servicing of the loan may be assigned, sold, or transferred to any other person at any time while the loan is outstanding."  Plaintiffs do not allege, however, that U.S. Bank provided them with such a loan.  Further, the statute of limitations for § 2605 claims is three years.[6]  12 U.S.C. § 2614. Plaintiffs apparently executed their loan agreement in April 2007 and, thus, they were required to bring a § 2605 claim by April 2010.  They did not do so and, accordingly, their § 2605 claim is time-barred.

Plaintiffs suggest that fraudulent conduct entitles them to relief from the statute of limitations based on the doctrine of equitable tolling.  This argument appears to implicate the doctrine of equitable estoppel, not equitable tolling.  Equitable tolling applies when there is "excusable delay by the plaintiff."  Johnson v. Henderson, 314 F.3d 409, 414 (9th Cir. 2002).  "Equitable

_____

[6] U.S. Bank incorrectly argues that all RESPA claims are subject to a one-year statute of limitations; such a limitations period applies only to claims under 12 U.S.C. §§ 2607 and 2608.  12 U.S.C. § 2614.  Plaintiffs' allegations do not suggest that their RESPA claim arises under § 2607 or § 2608.

**United States District Court**
For the Northern District of California

estoppel, on the other hand, focuses primarily on the actions taken by the <u>defendant</u> in preventing a plaintiff from filing suit." <u>Id.</u> at 414 (citation and internal quotation marks omitted; emphasis in original). Plaintiffs have not alleged that U.S. Bank was their lender or facts to suggest that it prevented them from filing suit. Thus, Plaintiffs do not support relief from the statute of limitations under the doctrine of equitable estoppel.

Plaintiffs have not alleged facts to suggest that U.S. Bank was its lender and violated § 2605. Further, this claim appears to be time-barred. Accordingly, Plaintiffs' RESPA claim is dismissed. Plaintiffs are granted leave to amend to plead facts that support a claim under § 2605 that is not barred by the three-year statute of limitations.

III. Quiet Title

Plaintiffs ask that title in the Shapleigh Court property be quieted in their favor. To state a claim for quiet title under California law, a plaintiff's complaint must contain: (1) a description of the property; (2) the title of the plaintiff and its basis; (3) the adverse claims to that title; (4) the date as of which the determination is sought; and (5) a prayer for relief of quiet title. Cal. Civ. Proc. Code § 761.020.

As noted above, U.S. Bank apparently purchased the Shapleigh Court property in September 2010 and currently holds title to it. Plaintiffs fail to plead facts that tend to show that they have a colorable claim to the property. Plaintiffs appear to assert that they still hold title because no lender ever presented them with the original promissory note and, as a result, the foreclosure sale

**United States District Court**
For the Northern District of California

was improper.  However, in California, there is no requirement that a trustee produce the original promissory note prior to a non-judicial foreclosure sale.  See, e.g., Pantoja v. Countrywide Home Loans, Inc., 640 F. Supp. 2d 1177, 1186 (N.D. Cal. 2009); Smith v. Wachovia, 2009 WL 1948829, at *3 (N.D. Cal.); Neal v. Juarez, 2007 WL 2140640, *8 (S.D. Cal.).  California Civil Code sections 2924 through 2924k "provide a comprehensive framework for the regulation of a non-judicial foreclosure sale pursuant to a power of sale contained in a deed of trust." Knapp v. Doherty, 123 Cal. App. 4th 76, 86 (2004) (quoting Moeller v. Lien, 25 Cal. App. 4th 822, 830 (1994)).  Knapp explains the non-judicial foreclosure process as follows:

> Upon default by the trustor [under a deed of trust containing a power of sale], the beneficiary may declare a default and proceed with a nonjudicial foreclosure sale.  The foreclosure process is commenced by the recording of a notice of default and election to sell by the trustee.  After the notice of default is recorded, the trustee must wait three calendar months before proceeding with the sale.  After the 3-month period has elapsed, a notice of sale must be published, posted and mailed 20 days before the sale and recorded 14 days before the sale.

Knapp, 123 Cal. App. 4th at 86 (citation omitted).  "A properly conducted nonjudicial foreclosure sale constitutes a final adjudication of the rights of the borrower and lender." Id. at 87. Plaintiffs have not alleged actionable irregularities in the non-judicial foreclosure sale.  Thus, it appears that the September 2010 sale resolved ownership rights to the property.

Furthermore, as already explained, Plaintiffs have not alleged tender or the current ability to offer tender of the amount of their indebtedness.  Thus, they cannot state a claim to quiet

8

title.  *See, e.g.*, *Kelley v. Mortg. Elec. Registration Sys., Inc.*, 642 F. Supp. 2d 1048, 1057 (N.D. Cal. 2009).

Plaintiffs have not alleged facts tending to show that they have a colorable claim of title, nor do they plead that they have satisfied, or have the ability to satisfy, the terms of the loan that apparently led to the trustee's sale of the Shapleigh Court property.  Accordingly, Plaintiffs' request to quiet title is dismissed with leave to amend.

IV.  Breach of Fiduciary Duty

Absent special circumstances, a loan transaction, like all ordinary banking transactions, does not establish a fiduciary relationship between the borrower and lender.  *Oaks Mgmt. Corp. v. Superior Court*, 145 Cal. App. 4th 453, 466 (2006); *see also* *Price v. Wells Fargo Bank*, 213 Cal. App. 3d 465, 476 (1989) ("A debt is not a trust and there is not a fiduciary relation between debtor and creditor as such.  The same principle should apply with even greater clarity to the relationship between a bank and its loan customers.").  Generally, a financial institution does not owe a borrower a duty of care.  *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 213 Cal. App. 3d 1089, 1095-96 (1991).

Plaintiffs did not respond to U.S. Bank's argument that they have not alleged facts suggesting that it was their fiduciary. Instead, in their opposition, Plaintiffs complain about their lender's role in their original loan transaction.  However, as already noted, Plaintiffs have not alleged that U.S. Bank was their lender.  Even if it were, Plaintiffs do not allege facts to suggest that there were special circumstances surrounding the loan

9

United States District Court

For the Northern District of California

1　transaction that gave rise to a fiduciary relationship.

2　　U.S. Bank asserts that Plaintiffs' claim is time-barred.

3　However, it is not clear what conduct Plaintiffs believe breached a

4　fiduciary duty.  Thus, it is premature to conclude that this claim

5　is time-barred.

6　　Accordingly, Plaintiffs' breach of fiduciary duty claim is

7　dismissed.  Plaintiffs are granted leave to amend to allege facts

8　suggesting that U.S. Bank was their fiduciary and that it breached

9　duties related to that role.

10　V.   Negligence and Negligence Per Se

11　　Plaintiffs plead claims for negligence and "negligence per

12　se."

13　　To state a claim for negligence, a plaintiff must allege

14　(1) the defendant's legal duty of care to the plaintiff; (2) the

15　defendant's breach of duty; (3) injury to the plaintiff as a result

16　of the breach; and (4) damage to the plaintiff.  <u>Hoyem v. Manhattan</u>

17　<u>Beach City Sch. Dist.</u>, 22 Cal. 3d 508, 513 (1978).  "The legal duty

18　of care may be of two general types: (a) the duty of a person to

19　use ordinary care in activities from which harm might reasonably be

20　anticipated, or (b) an affirmative duty where the person occupies a

21　particular relationship to others."  <u>McGettigan v. Bay Area Rapid</u>

22　<u>Transit Dist.</u>, 57 Cal. App. 4th 1011, 1016-17 (1997).  "[A]s a

23　general rule, a financial institution owes no duty of care to a

24　borrower when the institution's involvement in the loan transaction

25　does not exceed the scope of its conventional role as a mere lender

26　of money."  <u>Nymark</u>, 231 Cal. App. 3d at 1095; <u>see also</u> <u>Kinner v.</u>

27　<u>World Sav. & Loan Ass'n</u>, 57 Cal. App. 3d 724, 732 (1976) (holding

28　　　　　　　　　　　　　　　　　10

no duty of care owed by lender to borrower to ensure adequacy of construction loan); <u>Wagner v. Benson</u>, 101 Cal. App. 3d 27, 35 (1980) (finding no duty owed by lender to borrower where lender is not involved extensively in borrower's business). Courts, including this one, have applied this rule to loan servicers. <u>See, e.g.</u>, <u>Hendrickson v. Popular Mortg. Servicing, Inc.</u>, 2009 WL 1455491, *7 (N.D. Cal.); <u>Marks v. Ocwen Loan Servicing</u>, 2008 WL 344210, *6 (N.D. Cal.).

Negligence per se is not a cause of action, but rather an evidentiary presumption that a party failed to exercise due care if

> (1) He violated a statute, ordinance, or regulation of a public entity;
>
> (2) The violation proximately caused death or injury to person or property;
>
> (3) The death or injury resulted from an occurrence of the nature which the statute, ordinance, or regulation was designed to prevent; and
>
> (4) The person suffering the death or the injury to his person or property was one of the class of persons for whose protection the statute, ordinance, or regulation was adopted.

Cal. Evid. Code § 669.

Plaintiffs allege that U.S. Bank "owed a general duty of care . . . to perform due diligence as to" their loan and to avoid marketing loans they knew that borrowers could not afford. Compl. 28. In their opposition, they also assert that U.S. Bank also had a duty of care under TILA, RESPA, the Home Ownership and Equity Protection Act (HOEPA) and related regulations. The allegations supporting their negligence claim focus on the original loan

11

agreement, which they executed in April 2007.

Plaintiffs do not allege that U.S. Bank was involved in the original loan transaction.  Even if they did, a "lender 'owes no duty of care to the [borrowers] in approving their loan.'"  <u>Perlas v. GMAC Mortg., LLC</u>, 187 Cal. App. 4th 429, 436 (2010) (quoting <u>Wagner</u>, 101 Cal. App. 3d at 35)).  This is because a "lender is under no duty to determine the borrower's ability to repay the loan."  <u>Perlas</u>, 187 Cal. App. 4th at 436 (citation and internal quotation marks omitted).  Plaintiffs did not respond to this argument.  Thus, to the extent that Plaintiffs' claim is based on offering them a loan they could not afford, it is not cognizable under California law.

Further, U.S. Bank notes that Plaintiffs' negligence claim was not filed within two years of the date of the alleged injury, as required by the statute of limitations.  Cal. Civ. Proc. Code § 335.1.  Plaintiffs did not respond directly to this argument, but instead invoke the doctrine of equitable estoppel.  However, as noted above, Plaintiffs fail to plead that U.S. Bank engaged in any fraud that precluded them from filing suit.  Thus, application of the doctrine is not warranted.

Plaintiffs have not stated a claim for negligence and are not entitled to a presumption of negligence per se.  Further, their negligence claim appears to be time-barred.  Accordingly, their negligence claim is dismissed.  Plaintiffs are granted leave to amend to plead facts that support a negligence claim that is not barred by the two-year statute of limitations.  To the extent that their negligence claim is based on the marketing of loans they

12

1  could not afford, it is dismissed with prejudice.

2  VI.  Fraud

3       In this cause of action, Plaintiffs allege that unnamed

4  "Agents" made misrepresentations with the intention of inducing

5  Plaintiffs to act in reliance on them.

6       All of Plaintiffs' allegations of fraud address the loan

7  origination and closing procedures.  However, they do not allege

8  that U.S. Bank was involved in these transactions.  Also,

9  Plaintiffs' allegations lack the specificity required under Federal

10 Rule of Civil Procedure 9(b) for all claims sounding in fraud.  See

11 Fed. R. Civ. P. 9(b) ("In all averments of fraud or mistake, the

12 circumstances constituting fraud or mistake shall be stated with

13 particularity."); Wool v. Tandem Computers, Inc., 818 F.2d 1433,

14 1439 (9th Cir. 1987) (allegations must include the time, place and

15 nature of the alleged fraudulent activities).  Furthermore,

16 Plaintiffs' fraud claim appears to be time-barred.  They have not

17 plead facts to suggest that the three-year statute of limitations

18 should not apply.  Cal. Civ. Proc. Code § 338(d).

19      Accordingly, U.S. Bank's motion to dismiss this claim is

20 granted.  Plaintiffs are granted leave to amend to plead specific

21 facts, including the time, place and nature of U.S. Bank's alleged

22 fraudulent conduct.  Further, Plaintiffs must plead facts, if there

23 are any, to suggest that they are entitled to relief from the

24 statute of limitations.

25 VII. Breach of the Covenant of Good Faith and Fair Dealing

26      Under California law, "[t]he prerequisite for any action for

27 breach of the implied covenant of good faith and fair dealing is

28                                13

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

the existence of a contractual relationship between the parties, since the covenant is an implied term in the contract." <u>Smith v. City & County of S.F.</u>, 225 Cal. App. 3d 38, 49 (1990).

Plaintiffs have not alleged that they have any direct contractual relationship with U.S. Bank.  In their opposition, Plaintiffs do not address U.S. Bank's argument on this point. Therefore, Plaintiffs' claim for breach of the covenant of good faith and fair dealing is dismissed.  They are granted leave to amend to plead the nature of their contract with U.S. Bank, if any, and how it was breached.

VII. Truth in Lending Act

TILA was enacted "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit." <u>Yamamoto v. Bank of N.Y.</u>, 329 F.3d 1167, 1169 (9th Cir. 2003) (citing 15 U.S.C. § 1601(a)).  If required disclosures are not made, the consumer may obtain damages or seek to rescind the loan.  <u>Id.</u> at 1170; <u>Martinez v. EMC Mortg. Corp.</u>, 2009 WL 2043013, *5 (E.D. Cal.).

The only parties who can be liable for TILA violations are the original creditor and assignees of that creditor.  15 U.S.C. §§ 1640, 1641; <u>Redic v. Gary H. Watts Realty Co.</u>, 762 F.2d 1181, 1185 (4th Cir. 1985); <u>Nevis v. Wells Fargo Bank</u>, 2007 WL 2601213, *2 (N.D. Cal.).  Servicers of consumer obligations are not treated as assignees for purposes of imposing liability unless they are also the owner of the obligation. 15 U.S.C. § 1641(f); <u>Chow v. Aegis Mortg. Corp.</u>, 286 F. Supp. 2d 956, 959 (N.D. Ill. 2003).

14

1    Here, Plaintiffs have not plead that U.S. Bank was its

2  creditor or an assignee of its creditor.  Further, Plaintiffs have

3  not identified which disclosures, required by TILA, U.S. Bank

4  failed to provide.

5    Moreover, U.S. Bank cannot be liable for damages because the

6  one-year statute of limitations has expired.  15 U.S.C. § 1640(e).

7  Plaintiffs executed the loan agreement in April 2007 but filed

8  their lawsuit in September 2010.  Thus, the TILA claim for damages

9  is untimely.  Their attempt to seek equitable relief from the

10  statute of limitations fails for the reasons stated above.

11    Plaintiffs' TILA claim for rescission fails because the

12  Shapleigh Court property has already been sold.  See Beach v. Ocwen

13  Fed. Bank, 523 U.S. 410, 411 (1998) (stating that 15 U.S.C.

14  § 1635(f) provides that right of rescission expires three years

15  after loan closes or upon the sale of secured property, whichever

16  is earlier).  Furthermore, Plaintiffs have not alleged the present

17  ability to tender amounts owed under the loan.  Courts have

18  discretion to condition rescission under TILA on tender by the

19  borrower of funds received from the lender.  Yamamoto, 329 F.3d at

20  1171; Martinez v. EMC Mortg. Corp., 2009 WL 2043013 *6 (E.D. Cal.)

21  (noting "absent meaningful tender, TILA rescission is an empty

22  remedy, not capable of being granted").  Plaintiffs do not respond

23  to U.S. Bank's argument that they must tender amounts owed under

24  the loan.

25    For all of the reasons above, the Court grants U.S. Bank's

26  motion to dismiss the TILA claim.  Plaintiffs are granted leave to

27  amend to plead facts showing that U.S. Bank is a proper TILA

28                              15

defendant, that it violated TILA and that they are entitled to equitable relief from the one-year statute of limitations for damages.  Plaintiffs' request for rescission under TILA is dismissed with prejudice.

VIII. Intentional Infliction of Emotional Distress

A claim of intentional infliction of emotional distress requires a plaintiff to plead: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." Christensen v. Superior Court, 54 Cal. 3d 868, 903 (1991).  The conduct must be so extreme as to "exceed all bounds of that usually tolerated in a civilized community," id., and the distress so severe "that no reasonable man in a civilized society should be expected to endure it," Fletcher v. W. Nat'l Life Ins. Co., 10 Cal. App. 3d 376, 397 (1970).

Plaintiffs allege that the action of U.S. Bank, "driven as it was by profit at the expense of increasingly highly leveraged and vulnerable consumers who placed their faith and trust in the superior knowledge and position of Defendants," constituted extreme and outrageous conduct.  Compl. 32.  Plaintiffs' complaint, however, fails to allege sufficient facts showing extreme and outrageous conduct.  Thus, Plaintiffs do not state a claim for intentional infliction of emotional distress against U.S. Bank.

IX.  Preliminary Injunction

Plaintiffs ask the Court to enjoin U.S. Bank from foreclosing

United States District Court
For the Northern District of California

on the Shapleigh Court property.  However, as noted above, the property was sold at a trustee's sale in September 2010, before Plaintiffs' lawsuit was filed.  Accordingly, Plaintiffs' request for a preliminary injunction is denied as moot.

CONCLUSION

For the foregoing reasons, U.S. Bank's motion to dismiss is GRANTED.  (Docket No. 6.)  The Court's rulings are summarized as follows:

1.  Any challenge to the September 2010 foreclosure sale fails because Plaintiffs have not plead tender of the amounts owed on their loan or the ability to offer tender.  Plaintiffs are granted leave to amend to cure this deficiency.

2.  Plaintiffs' RESPA claim is dismissed with leave to amend to plead, if they can truthfully do so, that U.S. Bank was their lender, that it committed RESPA violations within the three-year statute of limitations and that they suffered damages as a result.  If Plaintiffs seek relief for conduct outside of the limitations period, they must plead facts suggesting that they are entitled to equitable relief from the statute of limitations.

3.  Plaintiffs' request that title be quieted in their favor is dismissed.  Plaintiffs are granted leave to amend to allege that they have a colorable claim to the Shapleigh Court property.

4.  Plaintiffs' claim for breach of fiduciary duty is dismissed.  They are granted leave to amend to allege

17

United States District Court
For the Northern District of California

facts demonstrating that they had a fiduciary relationship with U.S. Bank and that it violated duties related to that role.

5.   Plaintiffs' claim for negligence fails, they are not entitled to avail themselves of the evidentiary presumption of negligence per se, and their negligence claim appears to be time-barred.  They are granted leave to amend to plead facts that suggest that U.S. Bank engaged in negligent conduct.  If Plaintiffs seek relief for conduct that occurred outside of the limitations period, they must plead facts suggesting that they are entitled to equitable relief from the statute of limitations.

6.   Plaintiffs' fraud claim fails because they have not alleged, with sufficient specificity, that U.S. Bank engaged in any fraudulent conduct.  They are granted leave to amend to plead specific facts concerning the time, place and nature of U.S. Bank's alleged fraud.  If Plaintiffs seek relief for conduct that occurred outside of the limitations period, they must plead facts suggesting that they are entitled to equitable relief from the statute of limitations.

7.   Plaintiffs' claim for breach of the covenant of good faith and fair dealing is dismissed.  They are granted leave to amend to plead the nature of their contract with U.S. Bank, if any, and how it was breached.  If Plaintiffs seek relief for conduct that occurred outside

18

**United States District Court**
For the Northern District of California

1      of the limitations period, they must plead facts

2      suggesting that they are entitled to equitable relief

3      from the statute of limitations.

4   8.   Plaintiffs' TILA claim for damages is dismissed with

5      leave to amend to allege facts demonstrating that U.S.

6      Bank was its lender or an assignee of its lender, that

7      U.S. Bank violated TILA and that they are entitled to

8      equitable relief from the one-year statute of

9      limitations.  Plaintiffs' TILA claim for rescission is

10      dismissed with prejudice as barred by the foreclosure

11      sale of the Shapleigh Court property.

12   9.   Plaintiffs' claim for intentional infliction of emotional

13      distress is dismissed with leave to amend to plead the

14      nature of the extreme and outrageous conduct committed by

15      U.S. Bank.

16   10.   Plaintiffs' request that the Court enjoin the sale of the

17      Shapleigh Court property is denied as moot.

18   Plaintiffs are granted leave to amend their complaint so long

19   as they can truthfully cure the deficiencies noted above.

20   Plaintiffs shall file their amended complaint fourteen days from

21   the date of this Order.  Plaintiffs' failure to file a complaint

22   within fourteen days will result in the dismissal of their action

23   for failure to prosecute.

24   If Plaintiffs file an amended complaint, U.S. Bank shall

25   answer or file a motion to dismiss twenty-one days thereafter.  If

26   U.S. Bank moves to dismiss, Plaintiffs' opposition shall be due

27   fourteen days after the motion is filed.  Any reply shall be due

28                                   19

seven days after that.  The motion will be taken under submission
on the papers.

     IT IS SO ORDERED.

Dated: 8/22/2011

                                            CLAUDIA WILKEN
                                            United States District Judge

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

JOSE M. BERNARDO et al,

        Plaintiff,

v.

U.S. BANK NATIONAL ASSOCIATION et al,

        Defendant.
_____/

Case Number: CV10-04785 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 22, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Araceli B. Bernardo
5015 Shapleigh Ct
Dublin,  CA 94568

Jose M. Bernardo
5015 Shapleigh Ct
Dublin,  CA 94568

Dated: August 22, 2011

        Richard W. Wieking, Clerk
        By: Nikki Riley, Deputy Clerk

**United States District Court**
For the Northern District of California

21